## SETTLEMENT UNDER A USURIOUS BOND EXECUTED BY A BUILDING ASSOCIATION.

Circuit Court of Cuyahoga County.

THE INDEMNITY SAVINGS & LOAN COMPANY v. CLINTON S. SPANGLER, ANNA B. SPANGLER, JOHN W. TAYLOR AND THE FULTON BUILDING COMPANY.*

Decided, November 30, 1903.

*Vendor and Purchaser—Vendor Liable for Usurious Interest in Excess of Amount of Obligation Assumed by Vendee.*

Where a building company which has given a bond at a usurious rate of interest together with a mortgage upon certain premises to secure its payment, sells the premises so mortgaged upon a land contract for a definite amount and later, in the performance of that contract, conveys the premises to the purchaser, and in its deed, stipulates that the purchaser assumes and agrees to pay a mortgage of a certain definite amount, such building company is liable to the purchaser for the difference between the amount which the purchaser agreed to pay, together with legal interest, and the amount called for by the usurious bond.

*Dickey, Brewer & McGowan,* for plaintiff.
*McKisson & Curtis* and *Weed & Miller,* contra.

HALE, J.; WINCH, J., and MARVIN, J., concur.

This case comes into this court by appeal and was submitted upon the evidence and the admissions of the parties.

On the first day of May, 1896, the Fulton Building Company executed and delivered to the plaintiff, the Indemnity Savings & Loan Company, a bond, of which the following is a copy:

"CLEVELAND, O., May 1st, 1896.

"The Fulton Building Co. promises to pay to The Indemnity Savings & Loan Co., its successors or assigns, one hundred and twenty installments of twenty and 15/100 dollars each, one of which installments to be paid on the first business day of May, 1896, and one on the first business day of each succeeding one

---

*Affirmed without opinion, *Fulton Building Co.* v. *Spangler,* 72 Ohio State, 627.

hundred and nineteen months pursuant to the constitution and by-laws of said company and the conditions and stipulations in mortgage given to secure this bond.''

This bond was secured by a mortgage of same date, upon said premises, and delivered by the Fulton Company to the Indemnity Company on the 17th day of September, 1896.

The Fulton Company entered into contract with the Spanglers, whereby they agreed to sell and convey to them the premises described in said mortgage, for the consideration of $2,800, payable $200 cash in hand and the balance, $2,600, as follows: To assume and pay a mortgage to the Indemnity Savings & · Loan Company of $1,487.79, also a mortgage to John W. Taylor of $684 and interest, and the balance of $428.21 in sums of $27 or more at the option of said grantee, after deducting therefrom the payments and interest stipulated for in the above mortgages, together with interest thereon from this date at the rate of six per centum per annum, to be due and payable semi-annually on the first day of June and December of each year.

On the 21st of January, 1897, the Fulton Company conveyed by warranty deed the premises described in said mortgage and in said contract, to Clinton S. and Anna B. Spangler, in which the consideration expressed as $3,000 but which in fact was upon the consideration named in said written contract. It is stipulated in said deed that said premises are free and clear from all encumbrances whatsoever, except the mortgage to the Indemnity Savings & Loan Co. ($1,487.79) and the mortgage to J. W. Taylor ($684), both of which are assumed by the grantee, and the last half of the taxes of 1896.

Payments were made under this contract by the Spanglers to the Fulton Company directly until after the conveyances in January. Sometime after the conveyance a change was made by which the Spanglers paid directly to the Indemnity Company.

The original loan from the Indemnity Company to the Fulton Company for which the bond and mortgage were given was $1,550, and there was no other consideration for said bond and mortgage.

The Spanglers have paid to the Indemnity Company more than the $1,487.79 named in the contract and in the deed, with interest at six per centum, and there is no evidence whatever of any other consideration for said bond by assessment of dues, or otherwise.

Under the issues and the evidence submitted at the trial several propositions are to be considered: Between the mortgagor and the mortgagee there is no issue. The maker of the bond and mortgage, the Fulton Company, makes no claim of usury. Its claims are that whether the transaction is usurious or not it must be paid by the Spanglers who, as is claimed, in consideration of the conveyance to them by the Fulton Company assumed and agreed to pay the mortgage according to its terms. That company desires the bond to be paid in full, but insists that the Spanglers shall pay it. The Spanglers, however, insist that the mortgage and bond has been paid in full; that, legally, only the sum loaned and six per cent. interest can be collected, and that more than that has been paid to the Indemnity Company already. They claim further that if the mortgage must be paid to the Indemnity Company, the maker, the Fulton Company, must pay all that now remains due and relieve the premises conveyed to them from any lien by reason thereof.

So far as appears from the evidence, the bond, in the form above recited, was executed and delivered by the Fulton Company to the Indemnity Company for the sole and only consideration of a loan to it of $1,550 at the date of the bond, and it is evident as between the original parties to the bond that the transaction was usurious, and had the Fulton Company so answered as between it and the Indemnity Company, the court would be compelled to so hold. But, as no such issue was made, the transaction as between the original parties must be considered and treated as valid in all respects.

Must the bond be paid according to its terms by the Spanglers? The transaction between the Fulton Company and the Spanglers commenced with the making of the land-contract of May 1, 1896. We hold that that contract was competent as explaining the interpretation to be placed upon the deed and as evidence of the true consideration agreed to be paid by the

Spanglers to the Fulton Company. The Spanglers agreed to assume and pay a mortgage to the Indemnity Savings & Loan Company of $1,487.79. There was no mortgage of that description to the Indemnity Company. It is said that this sum was the present worth of such mortgage. It *was* its present worth upon a basis of interest at nine per cent. per annum, but upon a basis of six per cent. per annum the amount of the mortgage was several hundred dollars in excess of that. The Spanglers agreed to pay to the Fulton Company for said premises $2,800. With the other payments the $1,487.79 exactly equalled the $2,800 and this is all we think that the Spanglers were under any obligation or legally bound to pay.

There is no evidence in the case tending to show that the Spanglers had any knowledge of the mortgage or of the bond or of its terms at the time of entering into the contract other than as expressed therein. The exact amount to be paid by the Spanglers to the Fulton Company for said premises is definitely fixed by the terms of said contract, together with the terms of payment and to whom such payments were to be made. All these payments the Spanglers have made, together with interest at six per cent., as stipulated in the contract. We are of the opinion that no interpretation should be placed on this contract requiring them to pay more.

If the Fulton Company is desirous that the bond should be paid according to its terms without reference to any claim for usury, without reference to any claim that the contract is usurious, the excess called for by the bond in addition to the amount which the Spanglers stipulated to pay must be paid by it. It has made no contract, in our judgment, with the Spanglers by which they are to pay such excess arising out of the fact that the original contract was usurious.

The claim is made that the controversy arising, or that may arise, between the Fulton Company and the Spanglers, can not be settled in this action. We hold otherwise. If the payment of this bond was not assumed, as we hold it was not, by the Spanglers according to its terms but only a definite amount named in the contract and deed, then there was more due upon the bond, according to its terms, than the Spanglers had agreed

to pay, and the Fulton Company, being the maker of the bond and the mortgage, was a necessary party to the taking of an account upon the bond and mortgage, and being a necessary party, all controversy between it and the Spanglers necessarily could be settled in this one action.

Supposing the mortgage had been given to secure two separate bonds the payment of one of which was assumed by the grantees, the Spanglers; then, manifestly, on a foreclosure of the mortgage, the mortgagee, although having conveyed the premises, would be a necessary party to an accounting and that accounting would necessarily fix definitely the rights between the Fulton Company and the Spanglers.

The remainder due upon this bond according to its terms may be ascertained. Counsel can undoubtedly agree as to that amount. That amount, as the issues now stand, must be held to be a lien upon the premises described in the mortgage, which sum the Fulton Company is ordered to pay within sixty days from the first day of this term of court, in default of which said mortgage may be foreclosed and order of sale issue of said premises. The defendants, the Spanglers, may, however, to save the said premises from sale, pay said sum to the Indemnity Company, and if so paid by them, an execution may issue in their favor against the Fulton Company to collect the sum so paid by them.